IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DOREEN SPINELLI,
on behalf of herself and others similarly
situated,

    Plaintiff,

vs.                                       **COLLECTIVE ACTION**

DASCOR CORPORATION, a
Florida Corporation,

    Defendant.
_____/

## COMPLAINT

## INTRODUCTION

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter "FLSA"), to recover unpaid overtime compensation owed to Plaintiff DOREEN SPINELLI, and all others similarly situated to her who were formerly or are currently employed in various hourly paid positions by Defendant DASCOR CORPORATION, (hereinafter, "DASCOR").

2. Pursuant to the FLSA, Plaintiff, on behalf of herself and all others similarly situated to her, seeks unpaid overtime compensation, liquidated damages or pre-judgment interest, post-judgment interest, attorneys' fees and costs from Defendant DASCOR.

3. Plaintiff also requests the Court to authorize concurrent notice to all persons who were formerly or are currently employed by Defendant DASCOR, and who were paid in a similar manner as Plaintiff, or who were so employed during the Liability Period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. §216(b).

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

5. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in Broward County, Florida and within the Southern District of Florida.

## PARTIES

6. Plaintiff DOREEN SPINELLI (hereinafter "Plaintiff" or "SPINELLI") was, at all material times, a resident of Broward County, Florida and was employed as an hourly wage office administrator by Defendant DASCOR for its plumbing company, DASCO Plumbing in Broward County, Florida, until her separation from employment on August 31, 2018.

7. At all times material, during Plaintiff's employment with Defendant DASCOR, Plaintiff was engaged in commerce or in the production of goods for commerce. To wit: Plaintiff handled goods and materials that traveled in interstate commerce and utilized office supplies and equipment that were manufactured in other states outside of Florida.

8. At all times material, Defendant DASCOR was an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) with annual gross sales in excess of $500,000 within the meaning of the FLSA. Defendant, DASCOR is a Florida Corporation doing business throughout South Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000

(exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207. At all times pertinent to this Complaint, DASCOR operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and DASCOR obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

## FACTUAL ALLEGATIONS

9. The allegations in Paragraphs 1 through 8 are incorporated as if fully stated herein.

10. Plaintiff is a non-exempt former employee of Defendant DASCOR who worked as an hourly wage office administrator for Defendant's plumbing business located in Broward County, Florida.

11. From on or about July 2010 until August 31, 2018, Plaintiff worked more than 40 hours per week during nearly every week of her employment, without being paid the federally mandated wage for overtime. Specifically, Plaintiff was paid only straight time and Plaintiff was not paid for all hours worked.

12. Defendants violated the FLSA by failing to pay Plaintiff for all overtime hours worked in excess of forty per week at the applicable time and one-half rate.

13. Defendants pay all of their hourly wage employees in the same fashion. There are at least thirty other current and former employees who were paid only straight time for overtime hours, and are thus owed the half-time premium as well. In addition, these similarly situated individuals were not paid for all hours worked, and are therefore owed the full time and half overtime rate for many, if not all of these hours.

14. Defendant's time keeping practices do not comply with the FLSA because its workers are not paid for certain pre-shift and post-shift activities that are required to be performed by Defendant, are not de minimis, and ultimately are compensable because the work performed benefits the Defendant's business.

## LEGAL CLAIMS
### COUNT I (as to Plaintiff and those similarly situated):
### Failure to Pay Overtime Wages in Violation of 29 U.S.C. § 207 by Defendant

15. The allegations in Paragraphs 1 through 14 are realleged and fully incorporated by reference herein.

16. By its actions alleged above, Defendant DASCOR willfully, knowingly and/or recklessly violated the provisions of FLSA, which requires overtime wages to be paid to non-exempt employees, including those set forth in the provisions of 29 U.S.C. § 207.

17. As a result of the unlawful acts of Defendant, Plaintiff and all persons similarly situated to her have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages or prejudgment interest, post-judgment interest, attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action pray for this Court to enter an order certifying a collective action pursuant to section 216(b) for violations of the FLSA, and pray for this Court to grant the following relief:

A. To authorize the issuance of notice at the earliest possible time to all current and former employees who were employed by Defendant, and who were paid hourly. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid overtime wages as required by the FLSA;

B. To declare that Defendant has violated the overtime provisions of the FLSA, 29

U.S.C. § 207, as to Plaintiff and persons similarly situated;

  C. To declare that Defendant's violations of the FLSA were willful;

  D. To award Plaintiff and other similarly situated current and former employees of Defendant adequate damages for the amount of unpaid overtime wage compensation they are owed, subject to proof at trial;

  E. To award Plaintiff and other similarly situated current and former employees of Defendant liquidated damages in an amount equal to the unpaid overtime compensation shown to be owed pursuant to 29 U.S.C. §216(b);

  F. If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

  G. To make the same declarations and awards as prayed for in paragraphs A-F above as to all persons who opt into this action pursuant to 29 U.S.C. §216(b); and

  H. To award Plaintiff and other similarly situated current and former employees of Defendant their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: April 1, 2019
Plantation, Florida

              Respectfully submitted,

              /s/**Robert S. Norell**
              Robert S. Norell, Esq. (Fla. Bar No. 996777)
              E-Mail: rob@floridawagelaw.com
              **ROBERT S. NORELL, P.A.**
              300 N.W. 70th Avenue
              Suite 305
              Plantation, Florida 33317
              Telephone: (954) 617-6017
              Facsimile: (954) 617-6018
              *Counsel for Plaintiff*