UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-60857-BLOOM/Valle

DOREEN SPINELLI,

    Plaintiff,

v.

DASCOR CORPORATION, a
Florida Corporation,

    Defendant.
_____/

## ORDER ON MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY CASE

**THIS CAUSE** is before the Court upon Defendant Dascor Corporation's ("Dascor") Motion to Dismiss and/or Compel Arbitration and Stay Proceedings, ECF No. [13] (the "Motion"). The Court has carefully considered the Motion, the opposing submission, the record in this case and the applicable law, and is otherwise fully advised.[1] For the reasons set forth below, the Motion is granted.

### I. BACKGROUND

Plaintiff Doreen Spinelli ("Spinelli") brings a collective action against her former employer and alleges that Dascor violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by failing to pay her, and all others similarly situated who are or were employed in various hourly paid positions, the federally mandated wage for overtime. ECF No. [1] ("Complaint"), ¶¶ 1, 12. According to the Complaint, Spinelli was employed by Dascor as an hourly wage office administrator between July 2010 and August 31, 2018. *Id.* ¶¶ 10-11. Spinelli alleges that during this period she regularly worked in excess of forty hours per week without receiving overtime

---

[1] Defendant has not filed a reply to the Plaintiff's Response and the deadline to do so has passed.

compensation. *Id*. ¶¶ 11-12. Spinelli seeks recovery of unpaid wages and liquidated damages pursuant to 29 U.S.C. § 216(b) and seeks certification of a collective action. *Id*. ¶¶ 1-2.

In the instant Motion, Dascor argues that Spinelli entered into a valid agreement to arbitrate disputes, an arbitrable issue exists and that Dascor did not waive its arbitration rights. ECF No. [13] at 3-4. Dascor requests that the Court compel arbitration of Spinelli's FLSA claim. The Parties do not dispute that on March 11, 2011, Spinelli signed an arbitration agreement provided by her employer, Dascor. ECF No. [13-1] ("Arbitration Agreement" or "Agreement") at 5. The Agreement requires arbitration of claims regarding the enforceability of the Agreement, and claims arising under federal statutes. The Agreement states:

> As a condition of my employment (or continued employment, as the case may be) with the Company, I hereby WAIVE MY RIGHT TO SUE the Company, and the Company hereby waives its right to sue me, for any claim or cause of action arising out of or relating to my employment relationship with the Company or the termination thereof. In lieu of suing, any such legal dispute that may arise, shall be instead be submitted for final and binding resolution by a private, impartial arbitrator. I agree that such an arbitration shall be governed by the Employment Dispute Resolution Rules of the American Arbitration Association. I understand that a copy of these rules is available for my review.
>
> Covered Claims:
>
> I understand that this Agreement includes, but is not limited to the following potential claims:
>
> 1. Any dispute regarding the arbitrability of any such claim;
> 2. Any dispute regarding this Agreement, including but not limited to its enforceability, scope or terms;
> 3. Any claim that could be asserted in any State or Federal Court or before an administrative agency, including without limitation, claims for breach of any contract or covenant, express or implied; assault, battery invasion of privacy, defamation of character, infliction of emotional distress, tortious interference with contract, or other tort claims, including any claim that I was injured or damaged because of the negligence of the company or any of its employees; and claims for wrongful discharge and/or for violation of any federal, state or local law, statute, ordinance or regulation, or common law.
> 4. Any claim for discrimination including but not limited to discrimination because of sex, pregnancy, race, national or ethnic origin, religion, creed, marital status,

> sexual harassment, sexual orientation, mental or physical disability or medical condition or other characteristics protected by statute;
> 5. Any claim that I have been retaliated or discriminated against for opposing the violation of any federal, state or local statute or ordinance, including but not limited to: the Fair Labor Standards Act, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the state workers' compensation law or any "whistleblower" law, 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, as amended; the Equal Pay Act; the Americans with Disabilities Act of 1990; the Age Discrimination in Employment Act; the Older Workers Benefits Protection Act; the Florida Whistler blower Protection Act (Sections 448.101 – 448.105, Florida Statutes); and/or any other federal, state or local laws, ordinances, or regulations, including but not limited to those prohibiting employment discrimination (and specifically including but not limited to any claim of sex discrimination or sexual harassment or retaliation), such as the Florida Civil Rights Act of 1992. ; and
> 6. Any claim for commissions or wages.

*Id.* at 1-2.

Spinelli filed a Response in Opposition, ECF No. [21], contending that the Agreement is unenforceable due to a separate provision regarding the allocation between the Parties of fees and expenses associated with arbitration. ECF No. [21] at 1. Specifically, this provision states:

> I agree to share the arbitrator's fees and expenses equally with the Company. All other costs and expenses associated with the arbitration, including but not limited to any attorneys' fees, shall be borne by the party incurring the expense. However, if a party is entitled to attorneys' fees under any federal, state or local statute or law, the arbitrator will award those fees pursuant to the governing law, at his or her discretion.

ECF No. [13-1] at 5 ("Fee Provision").

## II.     LEGAL STANDARD

The presence of a valid arbitration provision raises a strong presumption of enforcement. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 630-31 (1985) (stressing that the enforcement of a mutually agreed upon arbitration or forum-selection serves as an "indispensable precondition to the achievement of the orderliness and predictability essential to any international business transaction"). Indeed, the Federal Arbitration Act ("FAA"), 9 U.S.C.

§ 1 *et seq.*, "embodies a 'liberal federal policy favoring arbitration agreements.'" *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1366 (11th Cir. 2008) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). Accordingly, the FAA requires courts to "rigorously enforce agreements to arbitrate." *Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. MedPartners, Inc.*, 312 F.3d 1349, 1357-58 (11th Cir. 2002) *abrogated on other grounds by Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs*, 134 S. Ct. 773 (2014) (quoting *Mitsubishi Motors*, 473 U.S. at 625-26); *Hemispherx*, 553 F.3d at 1366 ("The role of the courts is to rigorously enforce agreements to arbitrate.") (internal citation and quotation omitted). Under the FAA, a written agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

When presented with a motion to compel arbitration, a district court considers three factors: (1) whether a valid agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived. *Nat'l Auto Lenders, Inc. v. SysLOCATE, Inc.*, 686 F. Supp. 2d 1318, 1322 (S.D. Fla. 2010) *aff'd*, 433 F. App'x 842 (11th Cir. 2011); *see also Seifert v. U.S. Home Corp.*, 750 So. 2d 633 (Fla. 1999)) ("Under both federal and Florida law, there are three factors for the court to consider in determining a party's right to arbitrate: (1) a written agreement exists between the parties containing an arbitration clause; (2) an arbitrable issue exists; and (3) the right to arbitration has not been waived."). "A plaintiff challenging the enforcement of an arbitration agreement bears the burden to establish, by substantial evidence, any defense to the enforcement of the agreement." *Inetianbor v. CashCall, Inc.*, 923 F. Supp. 2d 1358, 1362 (S.D. Fla. 2013).

"By its terms, the [FAA] leaves no room for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 213 (1985) (emphasis in original). Thus, if the aforementioned criteria are met, the Court is required to issue an order compelling arbitration. *John B. Goodman Ltd. P'ship v. THF Const., Inc.*, 321 F.3d 1094, 1095 (11th Cir. 2003) ("Under the FAA, 9 U.S.C. § 1 *et seq.*, a district court must grant a motion to compel arbitration if it is satisfied that the parties actually agreed to arbitrate the dispute.").

### III. ANALYSIS

Dascor argues it has established each factor that courts consider in determining a party's right to arbitrate: (1) there is a valid agreement to arbitrate; (2) an arbitrable issue exists; and (3) Dascor did not waive its arbitration rights. ECF No. [13] at 3-4. Spinelli does not dispute that the second and third factors are satisfied. As Spinelli's FLSA claims are encompassed by the Arbitration Agreement and Dascor has not waived its arbitration rights, the Court focuses on whether a valid agreement to arbitrate exists.

In response to Dascor's Motion, Spinelli contends that the Agreement is invalid based upon a conflict between the Fee Provision and the FLSA. ECF No. [21] at 1. Spinelli seeks the application of the "effective vindication exception" to the general rule requiring the enforcement of agreements to arbitrate disputes. *Id*. at 2. The Eleventh Circuit has defined the "effective vindication exception" as a means of invalidating an arbitration agreement that operates as a prospective waiver of a party's right to pursue statutory remedies. *Walthour v. Chipio Windshield Repair, Inc.*, 745 F.3d 1326, 1334 (11th Cir. 2014) (citing *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 235 (2013).

Spinelli correctly states that the FLSA provides for reasonable attorneys' fees and costs to prevailing employees. 29 U.S.C. § 216(b). The Arbitration Agreement, however, requires the claimant employee to share the arbitrator's fees and expenses with Dascor and allows the arbitrator to award attorneys' fees that a party is entitled to under law at his or her discretion. Spinelli claims that the Parties cannot contract in derogation of express provisions of the FLSA that award attorneys' fees and costs of the action to a prevailing employee. ECF No. [21] at 2-4. Therefore, Spinelli argues, enforcing the Arbitration Agreement would nullify the purpose of the FLSA and prevent her from effectively vindicating her rights under the FLSA. *Id.* at 2.

### A. Effective Vindication of Statutory Rights

The Supreme Court has made clear that statutory claims may be the subject of an arbitration agreement. *Gilmer v. Interstate/ Johnson Lane Corp.*, 500 U.S. 20, 26 (1991). Even claims arising under statutes designed to further important social policies may be arbitrated, as long as the claimant "effectively may vindicate his or her statutory cause of action" through arbitration. *Green Tree Fin. Corp.-Ala v. Randolph*, 531 U.S. 79, 90 (2000) (quoting *Gilmer*, 500 U.S. at 28). To invoke the effective vindication exception, the party resisting arbitration has the "burden of establishing that enforcement of the agreement would 'preclude' him from 'effectively vindicating his federal statutory right in the arbitral forum.'" *Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255, 1259 (11th Cir. 2003) (citing *Green Tree Fin. Corp.*, 531 U.S. at 90).

In order to meet this burden, a party opposing arbitration on the grounds that it would be prohibitively expensive must offer specific "evidence of the amount of fees he is likely to incur, as well as of his inability to pay those fees." *Musnick*, 325 F.3d at 1260; *Green Tree Fin. Corp.*, 531 U.S. at 92; *Lamour v. Uber Techs., Inc.*, 1:16-Civ-21449, 2017 WL 878712, at *15 (S.D. Fla. Mar. 1, 2017); *Maldonado v. Mattress Firm Inc.*, No. 8:13-cv-292-T-33AEP, 2013 WL 1760272,

at *5 (M.D. Fla. Apr. 24, 2013). In *Musnick*, the plaintiff argued that a fee-shifting provision in the arbitration agreement at issue would result in prohibitive costs, making the agreement unenforceable. *Musnick*, 325 F.3d at 1258. The plaintiff submitted an affidavit, without supplementary documentation, stating that he feared he would be unable to pay attorneys' fees in the event they were imposed upon him at arbitration. *Id.* at 1260. The Eleventh Circuit found the affidavit to be "wholly inadequate to establish that the arbitration would result in prohibitive costs that force him to relinquish his claim[.]" *Id.* As such, the Court found that the plaintiff's claim that he would be unable to afford arbitration fees was "too speculative to render his agreement to arbitrate unenforceable" and reversed the district court's order denying the motion to compel arbitration. *Id.* at 1260, 62. (internal quotations omitted).

Spinelli cites a Tenth Circuit case, *Nesbitt v FCNH, Inc.*, 811 F.3d 371 (10th Cir. 2016), to support the proposition that fee-shifting provisions in arbitration agreements prevent the effective vindication of FLSA rights. However, unlike the plaintiff in *Musnick*, the plaintiff in *Nesbitt* supplied specific evidence regarding the likely amount of fees to be incurred, as well as an affidavit exhibiting the plaintiff's inability to afford the estimated fees. *Id.* at 375 ("the district court accepted [plaintiff]'s estimate that 'she w[ould]likely incur between $2,320.50 and $12,487.50 in costs simply paying for the arbitrator's time,' … and it noted her 'affidavit establishing that she [could not afford the costs of proceeding under the Commercial Rules'"]). Based on this showing, the Court made the determination that the plaintiff met her burden of demonstrating that the fee-shifting prevented plaintiff from vindicating her statutory rights under the FLSA and affirmed the district court's order denying the motion to compel arbitration. *Id.* at 379-80.

In the instant case, Spinelli has failed to present any evidence of the likelihood of incurring prohibitively high arbitration costs or attorneys' fees, much less her inability to pay such fees. In

this regard, the instant case is akin to *Musnick* and unlike *Nesbitt*. Due to the lack of evidence, the risk that arbitrating her FLSA claim will saddle Spinelli with prohibitive costs is too speculative to justify application of the effective vindication exception.

### B. Uncertainty as to Whether Spinelli Will be Deprived of an FLSA Right

The application of the effective vindication exception is also inappropriate here because it is unlikely that the Arbitration Agreement would actually deprive Spinelli of the mandatory attorneys' fees and costs provided by the FLSA. Indeed, should Spinelli arbitrate her claim and prevail, she would likely receive the statutory protection regarding fees and costs that the FLSA provides. The agreement places discretion in the arbitrator to award fees and costs. The Fee Provision states:

> I agree to share the arbitrator's fees and expenses equally with the Company. All other costs and expenses associated with the arbitration, including but not limited to any attorneys' fees, shall be borne by the party incurring the expense. *However, if a party is entitled to attorneys' fees under any federal, state or local statute or law, the arbitrator will award those fees pursuant to the governing law, at his or her discretion*.

ECF No. [13-1] at 5 (emphasis added).

#### i. Uncertainty as to Who Will Prevail at Arbitration

When the possibility of a claimant being deprived of a statutory right hinges on the result of arbitration, the arbitration agreement will be enforced. *Musnick*, 325 F.3d at 1261; *see also Fernandez v. Clear Channel Broad., Inc.*, 268 F. Supp. 2d 1365, 1369 (S.D. Fla. 2003) ("[p]laintiff's claim that the Arbitration Agreement will deprive him of the mandatory attorneys' fees if he succeeds at mediation is premature"). In *Musnick*, the court determined that a "loser pays" provision in an arbitration agreement did not render the agreement unenforceable. *Musnick*, 325 F.3d at 1261. Because the plaintiff would have only incurred attorneys' fees in the event he

lost at arbitration, the court held that his appropriate remedy was not to challenge the enforcement of the agreement, but to challenge the actual assessment of fees, if it occurs. *Id.*

Similarly, at this point, there is no basis for the Court to conclude that the arbitrator will distribute attorneys' fees and arbitration costs in a manner inconsistent with the governing law because Spinelli may not prevail at arbitration. The FLSA provides for attorney's fees and arbitration costs to be awarded to prevailing employees. 29 U.S.C. § 216(b). Accordingly, if Spinelli were not the prevailing party at arbitration she would not be entitled to attorney's fees or costs pursuant to the FLSA. In that circumstance, the requirements that Spinelli share the arbitrator's fee and potentially bear her own attorneys' fees would not deprive her of a right under the FLSA.

### ii. Arbitrator's Discretion to Award Attorneys' Fees

The Arbitration Agreement states that the arbitrator has discretion in awarding attorneys' fees that a party is entitled to pursuant to federal statutes. Should Spinelli be the prevailing party, the arbitrator may, of course, exercise his or her discretion to award Spinelli attorneys' fees in accordance with the FLSA. Moreover, even if Spinelli prevails and the arbitrator does not award attorneys' fees in accordance with the FLSA, Spinelli may seek judicial review of the arbitration award at that time. *Musnick*, 325 F.3d at 1261.

### iii. Arbitrator's Discretion to Award Arbitration Costs

Although the terms of the Arbitration Agreement do not state that the arbitrator has discretion to award the prevailing party the costs of arbitration, courts have held that "even when arbitration agreements contain mandatory distribution of costs language, arbitrators typically exercise discretion to determine independently whether these contractual limitations are enforceable or should be enforced in a given case." *Zulauf v. Amerisave Mortg. Corp.*, No. 1:11-

cv-1784-WSD, 2011 WL 12677018, at *9 (N.D. Ga. Nov. 23, 2011) (citing *Musnick*, 325 F.3d at 1261 n.7). As such, should Spinelli prevail at arbitration the arbitrator may award her costs in accordance with the FLSA. Moreover, if the arbitrator does not award arbitration costs in accordance with the FLSA, Spinelli may seek judicial review.

At this stage, it would be premature for the Court to conclude that arbitration would require Spinelli to forego her FLSA right to arbitration costs and attorney's fees.

**C. Derogation of FLSA Provisions**

Spinelli also asserts that the Arbitration Agreement is rendered unenforceable simply because the Fee Provision is in derogation of the FLSA's provisions. ECF No. [21] at 1-2. Spinelli relies on a Title VII case, *Paladino v. Avnet Comput. Techs.*, 134 F.3d 1054, 1059 (11th Cir. 1998), to support the proposition that an arbitration agreement with provisions that defeat the purpose of underlying statutory claims is not enforceable. *Paladino* did not involve a fee or cost shifting provision, but instead dealt with a provision in an arbitration agreement that precluded the arbitrator from awarding damages for any claim other than breach of contract. *Id.* at 1056. Because the arbitration agreement did not allow an arbitral award of Title VII damages, the court determined it was "fundamentally at odds with the purposes of Title VII" and affirmed the district court's decision refusing to compel arbitration. *Id* at 1060. Here, in contrast, the Arbitration Agreement is not at odds with the FLSA as it is likely that the arbitrator will awards fees and costs in accordance with the FLSA.

Additionally, the Eleventh Circuit has held that the "mere existence of a fee-splitting provision in an agreement [does not] satisfy the claimant's burden to prove the likelihood of incurring prohibitive costs[.]" *Musnick*, 325 F.3d at 1260 (quoting *Blair v. Scott Specialty Gases*, 283 F.3d 595, 610 (3rd Cir. 2002). Applying the holding in *Musnick,* courts have compelled

arbitration in FLSA cases pursuant to arbitration agreements that contain cost and fee-shifting provisions. *See, e.g.*, *Fernandez*, 268 F. Supp. 2d at 1367, 1370 (compelling arbitration of an FLSA claim despite the presence of fee-shifting and cost-shifting provisions); *Zipp v. World Mortg. Co.*, No. 6:08-cv-1638-Orl-28KRS, 2010 WL 11628571, at *2, 4 (M.D. Fla. Sept. 22, 2010) (same); *Maldonado v. Mattress Firm, Inc.*, No. 8:13-CV-292-T-33AEP, 2013 WL 1760272, at *4, 6 (M.D. Fla. Apr. 24, 2013) (compelling arbitration of an FLSA claim despite the presence of a fee-shifting provision). An arbitration agreement will not be rendered unenforceable solely by virtue of the inclusion of a fee-shifting provision, unless the claimant meets its burden of showing the agreement prevents the vindication of statutory rights. *Musnick*, 325 F.3d at 1259. Spinelli has failed to meet that burden here. Accordingly, Dascor's Motion is granted.

In the Motion, Dascor requests that the Court dismiss or stay this case pending arbitration. Where the Court compels arbitration of all of the claims involved, the Court sees no benefit to a stay, as opposed to dismissal. *See Perera v. H&R Block Eastern Enterps., Inc.*, 914 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012) ("The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration.") (citations and quotations omitted). Here, Spinelli's sole claim arises under the FLSA and is specifically encompassed by the Arbitration Agreement. ECF No. [13-1] at 1-2 (the Agreement includes "[a]ny claim for commissions or wages"). As such, the Court will dismiss this case.

## IV. CONCLUSION

For the foregoing reasons, the Motion, **ECF No. [13]**, is **GRANTED**, and Spinelli's claim must proceed in arbitration. This case is **DISMISSED** and the Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 30, 2019.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record